IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DENNIS L. MAXBERRY,

                Plaintiff,

    v.

THE VETERANS ADMINISTRATION AND
VETERANS AFFAIRS, COMPREHENSIVE &
COMPENSATIVE WORK THERAPY
and UNIVERSITY OF WISCONSIN SYSTEMS
UNIVERSITY OF WISCONSIN-MILWAUKEE,

                Defendants.

OPINION AND ORDER

13-cv-835-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Dennis Maxberry, a resident of the city of Milwaukee, has filed a proposed complaint against the United States Department of Veterans Affairs office in Milwaukee, the University of Wisconsin-Milwaukee and CWT Comprehensive Work Therapy, also located in Milwaukee.  Plaintiff seeks leave to proceed in forma pauperis with his claims, and the court has already concluded that plaintiff may proceed without prepayment of the $350 filing fee.  The next step is to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915.  In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously.  McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir.

2010).

As with the other complaint he has filed in this court in case no. 13-cv-802-bbc, plaintiff's allegations are nearly incomprehensible. However, it is clear that plaintiff characterizes the present proceedings as a continuation of a case he filed in the Northern District of Illinois; he captions his complaint as a "brief to change venue & reopen." The Northern District case was dismissed for improper venue. Maxberry v. Veteran's Administration, case no. 13-cv-3880 (N.D. Ill. May 17, 2013). To the extent that plaintiff is attempting to "reopen" the Northern District of Illinois case, I will deny his motion because this court does not have the power to reopen cases filed in other courts. This case will proceed as a brand-new action.

From my reading of plaintiff's filings in this case and his previous Northern District of Illinois case, I see that he has been barred from filing civil suits in the Eastern District of Wisconsin (where plaintiff alleges that the defendants reside and where the underlying conduct complaint of occurred) in part for filing indecipherable and frivolous claims on the merits and in part for repeatedly challenging a denial of veteran's benefits, a claim barred by claim preclusion. Maxberry v. Goodwill Industries of Southeastern Wisconsin, No. 10-C-655 (E.D. Wis. Sept. 9, 2010).

I would usually allow a plaintiff who produces an indecipherable pleading to file an amended complaint more clearly setting forth the factual allegations underpinning his claims. Indeed, this is the option I selected in plaintiff's other pending case in this court (against defendant Keller Graduate School of Management, against whom the same claim preclusion

2

problems do not seem to apply).

From what I can make out of plaintiff's complaint, it appears from plaintiff's decision to refile his claims in this court rather than the Eastern District of Wisconsin and his subsequent "motion for leave to establish that the case isn't frivolous," dkt. #4, is that plaintiff wants to pursue the case here because he knows he will not be allowed to proceed in the Eastern District.  I cannot see any reason to allow plaintiff to circumvent the Eastern District filing bar by bringing yet another case against the Department of Veterans Affairs office in Milwaukee.  Accordingly, although it is not this court's policy to routinely dismiss cases based on improper venue.

ORDER

IT IS ORDERED that

1.  Plaintiff Dennis Maxberry's motion to reopen his Northern District of Illinois case, dkt. #1, is DENIED.

2.  Plaintiff's "motion for leave to establish that the case isn't frivolous," dkt. #4, is DENIED.

3.  This case is DISMISSED for improper venue.  The clerk of court is directed to

enter judgment for defendants and close this case.

Entered this 27th day of January, 2014.

                                            BY THE COURT:
                                            /s/
                                            BARBARA B. CRABB
                                            District Judge